IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REYANDO HUGGINS, | : CIVIL ACTION |
| | : NO. 12-3655 |
| Petitioner, | : |
| | : |
| v. | : |
| | : |
| JOHN KERESTES, et al., | : |
| | : |
| Respondents. | : |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                September 26, 2013

Petitioner Reyando Huggins ("Petitioner") filed this pro se Petition for Writ of Habeas Corpus pursuant to the Antiterrorism and Efficient Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Petitioner is currently incarcerated at the State Correctional Institute at Mahanoy, Pennsylvania. Consistent with the Report and Recommendation ("R&R") (ECF NO. 15), the Court will deny Petitioner's Petition and dismiss it with prejudice.

I.   BACKGROUND

On January 20, 2006, Petitioner was convicted in the Court of Common Pleas for Philadelphia County of the first-degree murder of Eric Baylis. Commonwealth v. Huggins, 05020236,

January 20, 2006, at 67. After the trial, Petitioner received a mandatory life sentence. Id. at 70-71. The trial included testimony from an eyewitness who was in the car with the victim during the shooting; a taxi driver who was nearby at the time of the shooting; police officers who pursued Petitioner after the shooting; a police officer who recovered a gun stained with Petitioner's blood; a police officer who recovered bullet casings from Petitioner's car and the scene of the shooting; a ballistics expert; a DNA expert; and Petitioner. See, e.g., id., Notes of Testimony, at 10, 25-30, 44-48, 65, 67-69, 70-75, 82-85, 94-95, 94-146. Petitioner appealed his conviction after having his appellate rights reinstated during Post Conviction Relief Act ("PCRA") proceedings pursuant to 42 Pa. CSA § 9541 et seq. (West 2013). Commonwealth v. Huggins, No. 1363 EDA 2007 (Pa. Super. 2008). On February 8, 2008, the Pennsylvania Superior Court upheld Petitioner's conviction. Id. at 9-12. On September 25, 2008, the Pennsylvania Supreme Court denied allowance of appeal. Petition at ¶ 9(g).

     Petitioner filed another PCRA petition on February 9, 2009, in which he argued that his trial counsel was ineffective for failing to object to the prosecutor's closing statements as impermissible personal opinions. Commonwealth v. Huggins, No. 3228 EDA 2010 (Pa. Super. Aug. 4, 2011). On November 12, 2010, the PCRA court denied the petition without a hearing. Id. On

August 4, 2011, the Superior Court affirmed the denial of relief. Id. On December 28, 2011, the Pennsylvania Supreme Court denied allowance of appeal. R&R at 5.

Petitioner filed a third PCRA petition on January 9, 2012, which is still pending. Petition at ¶ 11(b). In that petition, he alleges that his PCRA counsel was ineffective for failing to raise four grounds of his trial counsel's ineffectiveness during his original PCRA proceeding: (1) failing to fully inform Petitioner of his right not to testify; (2) failing to inform Petitioner of his Vienna Convention rights to consult with Jamaican diplomats; (3) erroneously raising a claim of self-defense during Petitioner's direct appeal; and (4) failing to file a motion to suppress the statements Petitioner made to police after the shooting. Id. He also raises a judicial interference claim not at issue in the instant case. Id.

Petitioner filed the instant habeas petition on June 28, 2012. Petitioner argues in his petition that he is entitled to habeas relief on three grounds:

> (1) Evidence insufficient to establish guilt beyond a reasonable doubt.
> (2) Petitioner's trial counsel was ineffective for failing to object to the prosecutor's improperly stated personal opinion concerning petitioner's guilt.
> (3) PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness on petitioner's first Amended PCRA petition.

3

Petition at 1, 7-8, ECF No. 1. In his objections to the R&R, Petitioner lists the four claims he raises in his pending PCRA petition as the reasons for which his trial counsel was ineffective. Pet'r's Objections to R&R, ECF No. 19.

## II. LEGAL STANDARD

The Court may refer an application for a writ of habeas corpus to a U.S. Magistrate Judge for a report and recommendation. Section 2254 R. 10; see also 28 U.S.C. § 636(b)(1)(B) (2006 & Supp. V 2011). Parties may object to the magistrate judge's report and recommendation within fourteen days after being served with a copy thereof. See 28 U.S.C. § 636(b)(1); E.D. Pa. R. 72.1(IV)(b). The Court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court does not review general objections. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires district courts to review such objections de novo unless the objection is not timely or not specific." (internal quotation marks omitted)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Therefore, the Court will conduct a de

4

novo review of those portions of the Report and Recommendation to which the parties object.

When reviewing a habeas petition, the Court must determine whether the state court's adjudication of the claims raised was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254 (d). Absent those findings, the Court will not grant an application for writ of habeas corpus. Id.

**III.    DISCUSSION**

Petitioner argues in his petition that he is entitled to habeas relief on three grounds: (1) Evidence insufficient to establish guilt beyond a reasonable doubt; (2) ineffective assistance of trial counsel; (3) ineffective assistance of PCRA counsel. Petition 7-9, ECF No. 1.

Petitioner raises five objections to the R&R. Pet'r's Objection R&R, 4-16, May 3, 2013, ECF No. 19. His first objection addresses the merits of his insufficient evidence claim. Id. at 4. His second objection addresses the merits of his first ineffective assistance of counsel claim. Id. at 7.

5

Petitioner's remaining three objections address the merits of various grounds of his second ineffective assistance of counsel claim. Id. at 10-16. The Court must first determine whether Petitioner's claims meet AEDPA's exhaustion requirements; then, the Court will proceed to consider the merits of any exhausted claims.

### A. Exhaustion and Procedural Default

Petitioner is required to exhaust his remedies in state court before the Court can grant his federal habeas petition. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). In Pennsylvania, petitioners are required to raise any issues that cannot be addressed on direct appeal in collateral proceedings under the PCRA. 42 Pa. C.S.A. § 9545 (West 2013). A petitioner raising claims pursuant to the PCRA must file all PCRA claims within one year of the date on which his state court judgment became final. § 9545(b). In Pennsylvania, a judgment becomes final ninety days after the Pennsylvania Supreme Court rules on a case if the petitioner

6

does not appeal the case to the United States Supreme Court. § 9545(b)(3).

Here, Petitioner exhausted his insufficient evidence claim on direct appeal. R&R, at 6. He exhausted his first ineffective assistance of counsel claim as well; he raised it during his initial PCRA proceeding and appealed the decision to the Pennsylvania Superior Court. R&R, at 9. However, Petitioner did not raise his third claim, ineffective assistance of PCRA counsel, in any timely PCRA petition. R&R, at 10. Petitioner's state court judgment became final on December 24, 2008, ninety days after the Pennsylvania Supreme Court denied allowance of appeal. Therefore, Petitioner was required to file all of his PCRA petitiones by December 24, 2009. He filed his most recent PCRA petition on January 9, 2012; therefore, it was untimely.

A claim that is exhausted due to a procedural bar in the relevant state law is considered "procedurally defaulted." Whitney v. Horn, 280 F.3d 240, 252 (3d Cir. 2002) (citing Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000) (finding that a claim that would need to be untimely filed to satisfy AEDPA's exhaustion requirement was procedurally defaulted). Here, the claims in Petitioner's most recent PCRA petition are procedurally defaulted because the petition in which they are raised is untimely.

7

Procedurally defaulted claims should be dismissed without consideration of their merits unless the petitioner can show (1) cause for the procedural default and (2) actual prejudice caused by the alleged violation.[1] Coleman v. Thompson, 501 U.S. 722, 748 (1991); see also Locke v. Dillman, Civ. A. No. 11-05833, 2013 WL 141619 at *1 (E.D. Pa. Jan. 9, 2013) (Robreno, J.) (citing Coleman, 501 U.S. at 748). A petitioner can satisfy the "cause" prong of the two-factor Coleman test if he failed to raise a claim in his collateral proceedings due to the ineffectiveness of his PCRA counsel; however, that does not mean that he necessarily satisfies the "actual prejudice" requirement. Martinez v. Ryan, 132 S. Ct. 1309, at 1319 (2012) (citing Miller-El v. Cockrell, 537 U.S. 322 (2003) ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."). A claim has merit if "jurists of reason could disagree with the [lower] court's

---

[1] A Petitioner may also survive procedural default by establishing "a 'fundamental miscarriage of justice' to excuse the default." Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000) (quoting McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999)). In other words, a petitioner must present new, reliable evidence of factual innocence. Schlup v. Delo, 513 U.S. 298, 327 (1995). However, the actual-innocence analysis is irrelevant here, even if Petitioner's claims can be seen as alleging factual innocence, as Petitioner does not allege that new evidence has come to light to cast doubt on his convictions.

8

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327.

Here, Petitioner claims that his PCRA counsel was ineffective for failure to raise four grounds of his trial counsel's ineffectiveness, discussed above. Pursuant to Martinez, Petitioner can demonstrate cause by showing that he did not bring his ineffective assistance of trial counsel claims due to his PCRA counsel's ineffectiveness. In order to overcome the procedural default, though, Petitioner must also prove that he was actually prejudiced by trial counsel's error. Therefore, the Court will examine each of Petitioner's claims in turn.

    (1) <u>Failing to Inform Petitioner of his Right not to Testify</u>

Petitioner is unable to show that counsel's failure to inform him of his right not to testify actually prejudiced him because the state court's resolution of his claims was reasonable based on the evidence presented at trial aside from Petitioner's testimony. As will be discussed below, the state court looked to several different types of evidence when determining that the evidence on record was sufficient to convict Petitioner, including physical evidence and testimony

from various lay and expert witnesses. Commonwealth v. Huggins, No. 1363 EDA 2007, at 11 (Pa. Super. Ct. Feb. 8, 2008). Petitioner's testimony does not appear to have played a significant role in the state court's determination that Petitioner's conviction was not erroneous. Furthermore, Petitioner does not provide any facts that suggest that Petitioner in fact believed that he was required to testify, that counsel advised Petitioner to testify, or that counsel suggested that Petitioner was required to testify. Therefore, Petitioner cannot demonstrate that counsel's alleged omission actually prejudiced his defense.

>	(2)	Failing to Inform Petitioner of his Vienna Convention Rights to Consult with Jamaican Diplomats

Furthermore, Petitioner's claim that counsel was ineffective for failing to inform him of his Vienna Convention rights is similarly unsubstantial. The circuits disagree as to whether the Vienna Convention creates enforceable individual rights. Compare Osagiede v. United States, 543 F.3d 399 (7th Cir. 2008), with, e.g., Mora v. State of New York, 524 F.3d 183, 196 (2d Cir. 2008) ("[T]he requirement that an alien be informed of consular notification and access . . . , even taken in

conjunction with the several references to 'rights,' does not establish a right in the alien that can be vindicated in a damages action for failure to inform the alien of the obligation.").[2] Given the lack of Third Circuit precedent and the divergent opinions among the circuits, trial counsel's failure to inform Petitioner of his Vienna Convention rights does not overcome the "highly deferential" standard for ineffective assistance of counsel set forth in Strickland v. Washington. 466 U.S. 668, 689 (1984). In addition, claims under "the Vienna Convention may be subjected to the same procedural default rules that apply generally to other federal-law claims." Sanchez-Llamas v. Oregon, 548 U.S. 331, 360 (2006). Therefore, Petitioner cannot overcome procedural default on this claim.

> (3) Erroneously Raising a Claim of Self-Defense During Petitioner's Direct Appeal

---

[2] Although the Seventh Circuit, in Osagiede, found that failure to notify a client of the right to contact his consulate could support an ineffective assistance of counsel claim, the court held that to prevail on his Sixth Amendment Claim the Defendant would still need to prove that the consulate would have provided aid. (stating defendant needs to show that (1) consulate could have helped him and (2) consulate would have helped him.) Osagiede v. United States, 543 F.3d 399, 413 (7th Cir. 2008).

11

As discussed in the R&R, Petitioner's defense was not prejudiced by the fact that appellate counsel raised a self-defense argument during Petitioner's direct appeal. R&R, at 15. Even if the self-defense argument was not meritorious, its presentation did not affect the determination of any meritorious claims that counsel presented during that same appeal. Therefore, Petitioner was not prejudiced by counsel's error.

(4) Failure to File a Motion to Suppress Petitioner's Statements to the Police

Additionally, Petitioner's trial counsel was not ineffective for failing to file a motion to suppress Petitioner's statements to the police. "Trial counsel is not ineffective for failing to raise an unmeritorious claim." Locke, 2013 WL 141619 at *6 (citing Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004); Parrish v. Fulcomer, 150 F.3d 326, 328-29 (3d Cir. 1998)). Furthermore, courts should generally defer to tactical decisions that counsel makes during the course of trial. See Strickland, 466 U.S. at 681.

Here, Petitioner admitted that he was informed of his rights before signing the statement and that he signed and dated each page. Pet'r's Traverse at 11, March 20, 2013, ECF No. 15.

Furthermore, as noted in the R&R, Petitioner's counsel could have had tactical reasons for not moving to suppress the statements. Therefore, Petitioner's ineffective assistance of counsel claim is not substantial on this ground.

None of the grounds of Petitioner's ineffective assistance of counsel claim is substantial. Petitioner cannot show that he was actually prejudiced by any of his trial counsel's alleged errors. Therefore, Petitioner is unable to overcome procedural default, and the Court will dismiss his ineffective assistance of counsel claim. The Court will next proceed to consider the grounds of Petitioner's instant habeas petition that were not procedurally defaulted.

B. <u>Ground One – Insufficient Evidence</u>

A federal habeas court must defer to a state court's adjudication of an issue on the merits unless the state court's finding was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). In an insufficient evidence claim, under

13

Pennsylvania law, a court must determine "whether the evidence, viewed in the light most favorable to the Commonwealth as verdict winner, is adequate to enable a reasonable jury to find every element of the crime beyond a reasonable doubt." Commonwealth v. Rega, 933 A.2d 997, 1009 (Pa. 2007). The Pennsylvania state law standard for insufficient evidence is largely the same as the federal standard. See Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1232 (3d Cir. 1992).

Here, the Pennsylvania Superior Court pointed to multiple facts in the record that indicated the reasonableness of finding Petitioner guilty. In its decision that the evidence was sufficient to support Petitioner's conviction, the Superior Court considered eyewitness testimony, the victim's multiple injuries, Petitioner's engagement of police in a high-speed chase after the shooting took place, DNA evidence, and forensic evidence. Commonwealth v. Huggins, No. 1363 EDA 2007, at 11 (Pa. Super. Ct. Feb. 8, 2008). Although Petitioner points to some discrepancies in the evidence presented at trial, those discrepancies do not significantly undermine the weight of the state's evidence. Pet'r's Objections, at 4-6. The state court was reasonable in finding that the weight of the evidence was adequate for the jury to convict Petitioner of first-degree

murder. Therefore, there are no grounds for the Court to grant Petitioner habeas relief on his insufficient evidence claim.

C. Ground Two – Ineffective Assistance of Counsel

In order to prove constitutionally ineffective assistance of counsel, "a prisoner must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced his defense." Locke, 2013 WL 141619 at *3 (citing Strickland, 466 U.S. at 687; Holland v. Horn, 519 F.3d 107, 120 (3d Cir. 2008)). The Court will consider counsel's tactical decisions to be reasonable as long as they are "based on professional judgment." Strickland, 466 U.S. at 681. Pennsylvania's standard for ineffective assistance of counsel is "materially identical to the Strickland standard." Young v. Folino, 2009 WL 5178302, at *13 (E.D. Pa. Dec. 23, 2009) (Robreno, J.) (citing Werts v. Vaughan, 228 F.3d 178, 203 (3d Cir. 2000)). Therefore, in order to grant habeas relief based on ineffective assistance of counsel, the Court must determine whether the state court's finding "resulted in an outcome that cannot reasonably be justified under Strickland." Werts, 228 F.3d, at 204.

Here, Petitioner argues that the state court erred by not finding that his trial counsel was ineffective for failing

15

to object during the prosecutor's closing statement. See Pet'r's Objections R&R at 12-16, May 3, 2013, ECF No. 19. Specifically, Petitioner argues that trial counsel should have objected when the prosecutor referred to Petitioner as "the only man on the face of the earth" who could have committed the murder, because such a statement constituted an impermissible personal opinion. In its determination that Petitioner's trial counsel was not ineffective, the state court noted that the prosecutor was careful to tie his statements to the evidence on record, continuing, "[o]ur Supreme Court expressly allows a prosecutor to make these kind of statements during closing argument." Commonwealth v. Huggins, No. 3228 EDA 2010, at 5 (Pa. Super. Ct. Aug. 4, 2011). The state court was reasonable in its finding that trial counsel was not ineffective for his failure to object to the prosecutor's closing arguments. Therefore, there are no grounds for the Court to grant Petitioner habeas relief on his exhausted ineffective assistance of counsel claim.

**IV. CONCLUSION**

For the foregoing reasons, the Court will approve and adopt the R&R, deny Petitioner's Petition for Writ of Habeas Corpus, and dismiss the petition with prejudice. An appropriate order will follow.